UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDERS LAMONT ADAMS,

                                  Petitioner,           9:04-CV-0531
           v.                                                    (TJM)(DEP)

M.P. MCGINNIS, Superintendent of Southport
Correctional Facility,

                                 Respondent.
_____

APPEARANCES

SANDERS LAMONT ADAMS
93-A-7902
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-500
Petitioner *pro se*

THOMAS J. MCAVOY, SENIOR U.S. DISTRICT JUDGE

**ORDER**

       On May 12, 2004, Sanders Lamont Adams ("Adams") filed a petition for a Writ of Habeas Corpus.[1] Dkt. No. 1. Adams' petition was dismissed on August 25, 2004 (Dkt. No. 5) for Adams' failure to comply with an Order of this Court entered June 21, 2004 (Dkt. No. 4).

       On March 17, 2005, Adams filed a motion "for reconsideration of the interlocutory order and judgment entered in this action on the 21st day of June 2004 and the 25th day of August 2004."[2] Dkt. No. 7. The motion is rambling and largely unintelligible, and

---

[1] Petitioner is an experienced litigator, having filed twenty-one (21) actions in this Court as of May 12, 2004, including nineteen (19) petitions for a Writ of Habeas Corpus. Petitioner has filed multiple actions in other New York district courts as well. *See Adams v. Spitzer, et al.*, No. 9:02-CV-853 (TJM/DRH) at Dkt. No. 36.

[2] Adams has filed fifteen (15) motions to vacate or motions for reconsideration, in fourteen (14) different cases, in this District between December 9, 2004 and March 23, 2005.

does not set forth any basis upon which reconsideration of the dismissal, or any other relief with respect to the dismissal, could be granted. Rather, Adams states that he seeks consolidation of the many cases he has filed in this District, and "the additional multiple reliefs requested therein." *Id.* Adams does not offer support or explanation as to why he is entitled to the relief he seeks.

In light of Adams' *pro se* status, the Court has reviewed his motion to determine if he has established any of the factors that would permit the Court to grant his motion as either a motion to reconsider or a motion to vacate, and finds that he has not.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)). Adams has not established any of the above three factors relative to his request for reconsideration. Since Adams sets forth no meritorious basis for reconsidering the June 21, 2004 Order or August 25, 2004 judgment, his motion, if characterized as a motion for reconsideration, must be denied.[3]

As noted, Adams' motion might also be construed as a motion to vacate. Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") sets forth the following six grounds upon which relief from judgment can be granted:

---

[3] The local rules require that such a motion be "served not later than **TEN CALENDAR** days after the entry of the challenged .... order." Local Rule 7.1(g). Thus, if petitioner's submission is deemed a motion for reconsideration, it is untimely.

>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See* Fed.R.Civ.P. Rule 60(b).

The Court finds that Adams has not established any of the above factors in his motion. Additionally, Adams has included nothing in his present submissions to suggest that the dismissal of this action was in any way erroneous. Since Adams sets forth no credible basis for vacating the August 25, 2004 judgment, his motion must be denied.

WHEREFORE, it is hereby

ORDERED, that Adams' motion for reconsideration or to vacate (Dkt. No. 7) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on Adams by regular mail.

Dated: April 13, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge